# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERTSON ET AL,<br><br>Plaintiffs,<br><br>v.<br><br>IHC HEALTH SERVICES ET AL,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT UTAH VALLEY SPECIALTY HOSPITAL'S SHORT FORM DISCOVERY MOTION**<br><br>Case No. 2:19-cv-00053-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Before the Court is Defendant Utah Valley Specialty Hospital, Inc.'s ("Defendant") Short Form Discovery Motion re Plaintiffs' Objections to Defendant's Subpoenas (ECF 50). This motion relates to subpoenas that Defendant served on several of Plaintiffs' medical providers (ECF 50, Ex. B). Plaintiffs filed Objections to Defendant Utah Valley Specialty Hospital, Inc.'s Subpoena Duces Tecum (ECF 49) and requested that responses to the subpoenas be sent to Plaintiffs' counsel to review for privileged health information. Defendant's motion seeks an order overruling Plaintiffs' objections and directing that responses to the subpoenas be sent directly to Defendant (ECF 50 at 2). Plaintiffs did not file a response to Defendant's motion. Defendant then filed a request to submit its motion for decision, noting Plaintiffs' failure to file a timely response to the motion (ECF 53). Plaintiffs thereafter filed a Response to Defendant Utah valley Specialty Hospital, Inc.'s Request to Submit its Short Form Discovery Motion for Decision (ECF 54), and Defendant filed a response thereto (ECF 55). Having considered the relevant filings, the Court will decide Defendant's motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

The Court agrees with Defendant that Plaintiffs' objections to Defendant's subpoenas were procedurally improper. The proper procedure for challenging Defendant's subpoenas would have been to file a motion to quash or modify the subpoenas or a motion for a protective order in compliance with the procedure outlined in DUCivR 37-1 for the resolution of discovery disputes. *See* DUCivR 37-1(a)(9) ("Any motion to quash, motion for a protective order, or motion to compel a subpoena will follow this procedure."). Plaintiffs' objections are styled as discovery responses rather than as a short form discovery motion and fail to comply with the requirements set forth in DUCivR 37-1 in every respect.

However, Defendant's motion fails to comply with the certification requirements for short form discovery motions. As noted in Local Rule 37-1:

> The Short Form Discovery Motion must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the names of all participating parties or attorneys.

*See* DUCivR 37-1(a)(4). "At a minimum, those efforts include a prompt written communication sent to the opposing party: (A) identifying the discovery disclosure/request(s) at issue, the response(s) thereto, and specifying why those responses/objections are inadequate, and; (B) requesting to meet and confer, either in person or by telephone, with alternative dates and times to do so." *See* DUCivR 37-1(a)(1).

Here, Defendant claims that "[t]he parties conferred on September 20, 2019 to attempt to resolve this matter without court involvement" ([ECF 50 at 3](ECF 50 at 3)). Although Defendant provides the date that the parties conferred, Defendant fails to recite the "time[] and place of such consultation" or "the names of all participating parties or attorneys" as required by DUCivR 37-1(a)(4). More importantly, Defendant failed to demonstrate that reasonable efforts were made to reach an agreement on Plaintiffs' specific objections to Defendant's subpoenas. Defendant

2

provided no evidence in its motion of any communications with Plaintiffs specifying why Plaintiffs' objections to Defendant's subpoenas were inadequate or procedurally defective.

The parties subsequently attached copies of email communications between the parties as exhibits to their responses to Defendant's request to submit ([ECF 54-1; ECF 55-1](#)).  The exhibits contain only one email communication from Defendant that predates the filing of its motion, which summarizes a phone call between the parties regarding various discovery disputes.  The remainder of the exhibits consist of subsequent email communications between the parties reflecting their continued attempts to resolve issues specifically relating to Defendant's subpoenas.  The Court is therefore not persuaded that a single attempt was sufficient in this case to meet Defendant's obligations under DUCivR 37-1(a) to make reasonable efforts to reach an agreement with Plaintiffs *before* filing a motion with the court.  Defendant claims that Plaintiffs were the first to violate DUCivR 37-1(a) by "filing their objections without first meeting and conferring with Defendant to attempt to resolve the issue without Court involvement" ([ECF 50 at 2](#)).  While the Court reminds Plaintiffs of their obligation to meet and confer, Plaintiffs' failure to comply with DUCivR 37-1(a) does not absolve Defendant of its own obligation to comply with the requirements of this rule before filing a short form discovery motion.

Finally, the Court admonishes Plaintiffs for failing to file a timely response to Defendant's motion.  "Failure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice."  DUCivR 7-1(d).  Here, Defendant's motion was filed on September 24, 2019, and Plaintiffs' response was due five business days later on October 1, 2019.  *See* DUCivR 37-1(6) ("The opposing party must file its response five business days after the filing of the [Short Form Discovery] Motion, unless otherwise ordered.").  Plaintiffs have neither filed a timely response to Defendant's motion nor

requested an extension of time for the filing of a response.  Instead, a full month after Defendant's motion was filed, Plaintiffs filed a response to Defendant's request to submit arguing that Defendant's motion is moot given that the medical records at issue were produced in the interim ([ECF 54 at 2](#)).  The Court notes however that the issue remains of whether Plaintiffs improperly had the responses to the subpoenas reviewed by them as opposed to being sent directly to Defendant from the third party medical providers.  Plaintiffs' post hac rationalization for their utter failure to respond to Defendant's motion is unacceptable.  Although Plaintiffs' behavior warrants the granting of Defendant's motion, the Court declines to reach the merits of Plaintiffs' objections absent the filing of a motion that complies with the rules of this Court.

Accordingly, Defendant's motion is DENIED without prejudice.

DATED this 31 October 2019.

                                                          _/s/ Cecilia M. Romero_
                                                         Magistrate Judge Cecilia M. Romero
                                                         United States District Court for the District of Utah